UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEYA MORGAN,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, JEFFREY C. STODEL, JR., an individual, LOS ANGELES CITY POLICE DEPARTMENT, JACKIE LACEY, an individual, GABRIEL F. MUNOZ, an individual, JOAN CELIA "JC" LEE, as an individual and as Successor in Interest to the STAN LEE TRUST, KIRK SCHENK, an individual, and DOES 1–100,<br><br>        Defendants. | Case No. 2:23-cv-10474-MRA-MAR<br><br>**JUDGMENT FOLLOWING ORDER GRANTING DEFENDANTS COUNTY OF LOS ANGELES DISTRICT ATTORNEY'S OFFICE, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, JACKIE LACEY, AND JEFFREY C. STODEL, JR.'S MOTION TO DISMISS** |

On March 6, 2025, the Court granted Defendants County of Los Angeles District Attorney's Office, Los Angeles County Sheriff's Department, Jackie Lacey, and Jeffrey C. Stodel, Jr.'s ("County Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and entered an Order dismissing Plaintiff Key Morgan's First Amended Complaint against County Defendants with prejudice.  ECF 100.  County Defendants thereafter requested the entry of Judgment in their favor and against Plaintiff pursuant to Federal Rule of Civil Procedure 58(d).  ECF 114.  Plaintiff's claims against Defendants Joan Celia Lee and Kirk Schenk remain pending.  *See* ECF 103.

Ordinarily, the Court's ability to issue a judgment is constrained by the "one final judgment" rule.  *See Romoland Sch. Dist. v. Inland Empire Energy Ctr., LLC*, 548 F.3d 738, 747 (9th Cir. 2008).  However, when an action involves multiple parties or claims, district courts have discretion to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b); *see Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009).  Accordingly, the Court makes the following findings:

1. The judgment at issue is a "final judgment."  *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980).

2. There is no "just reason for delay."  Fed. R. Civ. P. 54(b); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 954 (9th Cir. 2006).

3. Because there is minimal "interrelationship of claims," the Court finds that the judgment at issue will not lead to "piecemeal appeals."  *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1084 (9th Cir. 2010) (citation omitted).

4. The equities, including "efficient judicial administration," prejudice, and delay, warrant a separate judgment.  *Id*.

//
//
//
//

Pursuant to Federal Rules of Civil Procedure 54(b) and 58(a), the Court hereby enters judgment in favor of the County Defendants and against Plaintiff.

**IT IS SO ORDERED.**

Dated: April 18, 2025

_____
HON. MÓNICA RAMÍREZ ALMADANI
United States District Court Judge