Kathleen E. Finnerty (SBN 157638)
**K. FINNERTY LAW, INC.**
3017 Douglas Blvd., Suite 230
Roseville, CA 95661
(916)783.1644
KFinn@KFinnertyLaw.com

Attorney for: Plaintiff,
KEYA MORGAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| KEYA MORGAN,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>JOAN CELIA ("JC") LEE, as an individual and as Successor in Interest to the STAN LEE TRUST, KIRK SCHENCK, an individual and DOES 1-100, INCLUSIVE,<br><br>　　　　　Defendants. | CASE NO.: 2:23-cv-10474-MRA-MAR<br><br>***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON KATHLEEN E. FINNERTY'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND TO CONTINUE HEARINGS ON DEFENDANTS' MOTIONS TO DISMISS AND STRIKE**<br><br>[FILED CONCURRENTLY WITH DECLARATION OF KATHLEEN E. FINNERTY IN SUPPORT]<br><br>**Courtroom: 10B**<br>**Hon. Mónica Ramírez Almadani** |

## I.　INTRODUCTION

Kathleen E. Finnerty hereby applies to the Court for 1) an order shortening time for notice and hearing on her Motion for Leave to Withdraw as Counsel for Plaintiff ("Withdrawal Motion") filed in this Court on May 28, 2025 and currently set on regular notice for July 15, 2025; 2) and for an order continuing the hearings on Defendant J.C. Lee's Motion to Dismiss the Second Amended Complaint ("Lee

Motion") and Defendant Kirk Schenck's Motion to Strike ("Anti-SLAPP Motion"). The grounds for this application are that the earliest available hearing for Ms. Finnerty's Motion to Withdraw on regular notice is July 15, 2025. This Motion should be heard as soon as possible to avoid prejudice to Plaintiff, who has terminated counsel's employment and has motion hearings on June 2, 2025 (Lee Motion) and July 7, 2025 (Anti-SLAPP Motion). These hearings will substantially affect Plaintiff's rights in this action and should be litigated by his new counsel, who will presumably need ample time to get familiar with the motions. Moreover, with the breakdown in communication between client and counsel, it will be impossible for current counsel to oppose the pending defense motions.

Thus, a continuance of the hearings is necessary to afford Plaintiff the opportunity to secure counsel of his choice which will in turn help avoid prejudice to him and permit the Court's orderly consideration of the withdrawal motion. Pursuant to Local Rule 7-19 Plaintiff's telephone number is (332) 273-8977. That is the only contact information that Counsel is permitted to share with the Court. Pursuant to Local Rule 7-19.1, notice of this *ex parte* application was given via email on May 28, 2025 at 6:34 p.m. to all counsel herein, with a copy to Plaintiff's personal business counsel. A copy of the unfiled Motion to Withdraw was also sent to Plaintiff at his email address on file. Counsel for J.C. Lee indicated that his client opposes the continuance of her Motion to Dismiss as set forth in the Finnerty Declaration filed herewith.

## II.   FACTUAL BACKGROUND

Plaintiff Keya Morgan retained Ms. Finnerty to represent him in this matter in 2023. (Declaration of Kathleen E. Finnerty in Support of Ex Parte Application ("Finnerty Decl.") On May 28, 2025, Plaintiff terminated Ms. Finnerty's employment. As of the date of this application, Plaintiff has not retained substitute counsel.

The only remaining defendants in this action are JC Lee and Kirk Schenck and the only remaining claims are Malicious Prosecution and Negligence. (ECF No. 103) These claims are subject to a Motion to Dismiss the Second Amended Complaint by J.C. Lee filed (ECF No. 117) filed April 21, 2025 and a Motion to Strike filed May 23, 2025 by Kirk Schenck (ECF Nos. 126 and 127) The hearings on these motions are June 2, 2025 and July 7, 2025, respectively. (ECF Nos. 117, 126 and 127.) Absent expedited relief, the withdrawal motion cannot be heard until after those motions are decided. Without immediate relief, Plaintiff – now unrepresented—will be forced to appear and respond to the dispositive motions without counsel.  Ms. Finnerty has read and given due regard to *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995) ("*Mission Power"*), and brings this application for *ex parte* relief as a last resort.

### III.   ARGUMENT

To justify ex parte relief, the Court in *Mission Power Engineering Co. v. Continental Casualty Co.* held that the moving party must demonstrate that it will suffer irreparable prejudice if the matter is heard on regular notice. In addition, the moving party must show that it is without fault in creating the crisis that necessitates ex parte relief. *Mission Power Eng'g Co. v. Cont'l Cas. Co.* (C.D. Cal. 1995) 883 F.Supp. 488, 492.)

Once a client terminates an attorney, the attorney-client relationship ceases, and the attorney no longer has authority to act on the client's behalf. (*Barry v. Ashley Anderson, P.C.* (1989) 718 F. Supp. 1492, 1494.) As the court explained in *Barry*, "[t]he court cannot create or continue the attorney-client relationship contrary to the expressed wishes of the client." (*Ibid.*) Moreover, courts have a duty to ensure that the client is not prejudiced by the termination of representation. (*Flake v. Neumiller & Beardslee* (2017) 9 Cal.App.5th 223, 230.)

Here, although the timing of the breakdown in the attorney-client

relationship is unfortunate given the pending dispositive motions, granting the requested relief will allow Plaintiff sufficient time to retain new counsel and respond appropriately. This relief will protect Plaintiff from the risk of prejudice that may otherwise result from counsel's withdrawal.

## IV.  CONCLUSION

For the reasons discussed above, Counsel respectfully requests that this application be granted so that 1) the hearing on counsel's Withdrawal Motion may be heard forthwith and 2) the hearings on the Lee Motion to Dismiss and the Anti-SLAPP Motion be continued to allow Plaintiff adequate time to secure counsel.

DATED:  May 28, 2025                           **K. FINNERTY LAW, INC.**

                                                                    _____
                                                                    Kathleen E. Finnerty
                                                                    Attorney for KEYA MORGAN